UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
DIVISION
CASE NO.: 00-6056

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

OLSON K PREDDIE
    Defendant.
_____/

COMPLAINT

The United States of America, acting herein by THOMAS E. SCOTT, United States Attorney for the Southern District of Florida, alleges as follows:

1. This action is brought by the United States of America, with jurisdiction provided by 28 U.S.C. § 1345.

2. The defendant is a resident of the Southern District of Florida.

3. The defendant is indebted to the plaintiff in the principal amount of $5677.52, plus interest on this principal amount computed at the rate of 9.13 percent per annum in the amount of $4649.69, plus interest thereafter on this principal from January 5, 2000 until the date of judgment, plus administrative fees, costs, and penalties in the amount of $.00. See Exhibit A attached hereto and incorporated herein.

4. Demand has been made upon the defendant by plaintiff for the sum due, but the amount due remains unpaid.

WHEREFORE, plaintiff prays judgment against the defendant for the total of $10327.21, plus interest at 9.13 percent per annum on the principal amount of $5677.52, from January 5, 2000 to the date of judgment, plus costs. Plaintiff further demands, pursuant to 28 U.S.C. §1961, that interest on the judgment be at the legal rate until paid in full.

Notice is hereby given to the defendant that the plaintiff intends to seek satisfaction of any judgment rendered in its favor in this action from any debt accruing.

Dated at Miami, Florida on this // day of January, 2000.

Respectfully submitted,

THOMAS E. SCOTT
United States Attorney

By: [signature]
Mary F. Dooley
Assistant U.S. Attorney
Florida Bar No. [#]A5500282
99 N.E. 4th Street,
Suite 300
Miami, FL 33132
Tel No. 305-961-9377
Fax No. 305-530-7195

DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

Olson K. Preddie
Olson Preddie
4900 NW 11th Pl.
Lauderhill, FL 33313
SSN: 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

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 9-8-99.

On or about 4-30-87, the borrower executed promissory note(s) to secure loan(s) of $4,000.00 from Florida Federal at 9.13 percent interest per annum. This loan obligation was guaranteed by Higher Education Assistance Foundation, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR. Part 682). The holder demanded payment according to the terms of the note(s), and credited $0 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 1-1-88, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $5,677.52 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 11-1-93, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $ 5,677.52 |
| Interest: | $ 4,480.69 |
| Administrative/Collection Costs: | $      .00 |
| Late fees: | $      .00 |
| Total debt as of 9-8-99 : | $ 10,158.21 |

Interest accrues on the principal shown here at the rate of $1.42 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 9/14/99        Name: _P. Lan Bal_
                            Title  Loan Analyst
                            Branch Litigation

GOVERNMENT EXHIBIT A

PLEASE PRINT CLEARLY IN INK

BE SURE TO PUT YOUR INITIALS BY ANY CORRECTIONS YOU HAVE TO MAKE.

## AUXILIARY LOAN TO ASSIST STUDENTS (ALAS)

### A. IMPORTANT – READ THIS INFORMATION CAREFULLY

The terms "I" and "me" refer to the borrower.

| | |
|---|---|
| Your Name | OLSON K. PREDDIE |
| Your SSN | 267 29 8600 |
| Your Address | 1664 NW 35 AV #201 |
| Your City, State ZIP | LAUDERHILL, Fl 33313 |

1. I will read the Promissory Note before I fill it out. If I have any questions, I will ask my lender. If I don't know who my lender will be, I will contact my school or the Higher Education Assistance Foundation (HEAF).
2. When the lender accepts my signed Promissory Note with my application, the lender is not necessarily agreeing to lend me the money. The lender has the right not to make a loan or lend an amount less than the Loan Amount Requested. I will be required to repay only the amount of money that the lender lends. Laws and regulations may not allow the lender to lend me as much as I have asked for.
3. After HEAF has agreed to guarantee my loan, the lender will send me a Disclosure Statement. The Disclosure Statement will tell me.
    a) the total dollar amount of my loan
    b) the interest rate I will pay
    c) the dollar amount of the guarantee fee I will pay
    d) the check disbursement date
    e) repayment terms, if principal not deferred
    f) interest payment terms, if principal repayment deferred

Some of the terms on my Disclosure Statement may be different from what they are on the Promissory Note. If they are different, the terms on the Disclosure Statement apply instead of what is on this Note. If I am not satisfied with the new terms, I may cancel the agreement. If I do wish to cancel this agreement, I will contact my lender immediately and I will not cash the loan check. I will be sure to check the Disclosure Statement as soon as I get it and let my lender know if anything looks wrong or if I have any questions.

### B. PROMISE TO PAY

I, OLSON K PREDDIE (Print Your Name as Borrower), promise to pay to the order of Florida Federal (Print Your Lender's Name)

_____ (Print Your Lender's City and State)

All of the following Amounts:
1) The entire Loan Amount Requested or such lesser amount as is loaned. LOAN AMOUNT REQUESTED $ 4000.00
2) Interest on the unpaid principal balance of 12 percent per year
3) The guarantee fee of one percent per year (up to five years) of the loan amount based on a declining balance

### C. REPAYMENT

1. [ ] Immediate Repayment. If the preceding box is checked, I agree to begin repaying loan principal and interest within 60 days of disbursement. The terms and conditions of the repayment will be identified in the Disclosure Statement.
   [✓] Deferred Repayment. If the preceding box is checked, I wish to defer repayment of loan principal for reasons explained on the back of this Note. During the deferment period, interest on the loan shall, at my lender's option, and in accordance with the terms and conditions on the Disclosure Statement
       (a) be paid by me in installments, or
       (b) accrue until repayment of principal begins, when the accrued interest shall be added to the principal amount of the loan
   I agree to begin repayment of this loan in periodic installments of principal and interest within 60 days after I cease to be entitled to the deferment.
2. I will repay this loan over a term of no less than five years, and no more than ten years, from the date principal repayment begins. However, the following exceptions apply to this rule:
    (a) The repayment term may be longer than ten years if I qualify for a deferment for reasons explained in Section D or for a modification of the repayment terms as explained in Section E.
    (b) My Lender may require a shorter repayment period if necessary to ensure that my payments in any year on my ALAS and Guaranteed Student Loan program loans, including those of my spouse, total at least $600 of the unpaid balance of such loans, whichever is less.
    (c) I may request, and the lender may grant me, a repayment period shorter than five years. In that event, I may later choose to have the repayment period extended to 5 years.
3. The particular terms and conditions of repayment that apply to this loan will be set forth in a separate Loan Disclosure. If I have more than one ALAS loan, the loans may be combined and the repayment terms will also be disclosed in a separate Repayment Schedule
4. I will contact the Lender prior to expiration of the period of deferment to negotiate the terms of repayment. If I neglect to do so, I authorize the Lender to establish repayment terms within the guidelines set forth in paragraph 2, without my further approval, however, my Lender must inform me of the terms in writing at the latest address which I have provided to the Lender
5. My obligation to repay this loan shall be cancelled if I die or become totally and permanently disabled
6. At my option, and without penalty, I may prepay all or any part of this loan plus interest thereon at any time. In the event of prepayment, I may be entitled to a refund of unearned interest. The amount of any such rebate shall be computed by the same method by which interest payments were computed

### D. DEFERMENT OF PAYMENT

In certain instances authorized by the Act, see Section I, the payments on this loan may be deferred. The instances currently authorized by the Act are described on the reverse of this Note. If I seek such deferment, I agree to comply with the relevant federal regulations and the Rules and Regulations of HEAF, including without limitation submission of required forms to the Lender
I will remain responsible for payment of interest during any period of deferment, which my Lender may (a) collect on a periodic basis, or (b) add to the principal balance of the loan

### E. MODIFICATION OF REPAYMENT TERMS

If I am unable to repay this loan in accordance with the terms of this Note. I may request my Lender to modify these terms. My Lender may, but is not required to allow any of the following
1) A short period of time in which payments are waived
2) A reasonable extension of time for making payments
3) The making of smaller payments than were originally scheduled
No such modification shall affect my continuing obligation to pay interest

### F. DEFAULT & ACCELERATION

If I default on this loan, the lender may declare the entire unpaid amount of the loan, including interest and applicable late charges, immediately due and payable. A default may also make me ineligible for the benefits described in Sections B, D, and E. Under HEAF regulations governing the ALAS program, any of the following events is a default:
1) Failing to make any payment when due
2) Making any false representation for the purposes of obtaining this loan
3) Using the loan proceeds for other than educational purposes
4) Failing to enroll in the school that completed the application for the time identified as loan period.
5) Not notifying the lender immediately if I (a) drop to less than a half-time student, (b) change my graduation date, (c) change my name or (d) change my address.
If I default, I will also pay all charges and other costs — including attorney's fees — that permitted by federal law and regulations for the collection of these amounts. If this loan is referred for collection to an agency that is subject to the Fair Debt Collection Practices Act, I will pay collection costs not to exceed 25 percent of the unpaid principal and accrued interest. Declaring these amounts immediately due and payable is at the option of the lender which it may do only after complying with applicable notice and other requirements of Failure to exercise this option does not constitute a waiver of the lender's right to exercise option at a later date. If I default, the lender may endorse this Note to HEAF. I will be required to pay HEAF all amounts owed

### G. CREDIT BUREAU NOTIFICATION

If I default on this loan, the lender or HEAF may report the default to credit bureau organizations. This may significantly and adversely affect my credit rating. The lender must provide information on the repayment status of this loan to any credit bureau organization upon request. If not otherwise prohibited by law, the lender may disclose information about status of this loan to any credit bureau organizations.

### H. LATE CHARGES

If permitted by law, the lender may collect from me a late charge if I fail to make any payment any installment payment within 10 days after it is due, unless I provide documentation that entitled to have the payment deferred as described under Section D in this Promissory Note. Late charge may not exceed $5 or 5% of an installment, whichever amount is less.

### I. GENERAL

I understand that the lender has applied for a guarantee of this loan through the Higher Education Assistance Foundation (HEAF) and because of this, the loan is subject to, and terms of this Note will be interpreted in accordance with, Sub-chapter IV, Part B of the Higher Education Act of 1965 (the "Act"), as amended, federal regulations adopted under the Act, the Rules and Regulations of HEAF. To the extent not governed by federal law, this Note be governed by the laws of the jurisdiction in which the lender is located

### NOTICE TO BORROWER

(a) DO NOT SIGN THIS PROMISSORY NOTE BEFORE YOU READ IT.
(b) YOU ARE ENTITLED TO A COPY OF THIS PROMISSORY NOTE.
(c) YOU MAY PREPAY THE UNPAID BALANCE AT ANY TIME WITHOUT PENALTY.
(d) IF YOU HAVE ANY QUESTIONS OR WISH TO CANCEL THIS LOAN 1) DO NOT CASH THE LOAN CHECK(S) AND 2) CONTACT YOUR LENDER

Sign Your Name: _Olson Preddie_   Today's Date: 04 30 8

FREDDIE, OLSON, K
CLAIM AC 1993C5CCC4C45 11-01-93
SSN 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    16  1

meaning of the Uniform Commercial Code. As such, ...
presentment for payment, notice of nonpayment, protest, and notice of protest, and acknowledges and agrees that the Lender has expressly reserved its rights against the undersigned notwithstanding deferment of payment in accordance with Section D of this Note or modification of repayment terms in accordance with Section E of this Note.

## DEFERMENT OF REPAYMENT

I understand that in certain instances authorized by the ACT the payments that I am required to make under Sec B may be deferred. Payments of principal on my loan will be deferred after the repayment period begins, bec of circumstances listed below, provided I comply with the procedural requirements set forth in the regulat governing the Auxiliary Loan to Assist Students (ALAS)—

1. While I am enrolled in —
   A. Full-time study at a school that is participating in the ALAS program. (However, only citizens or nationals r attend schools outside of the U.S.);
   B. Full-time study at an institution of higher education or a vocational school that is operated by an agency of Federal Government (e.g., the service academies);
   C. A graduate fellowship program approved by the Secretary of Education; or
   D. A rehabilitation training program for disabled individuals approved by the Secretary of Education.

2. For periods not exceeding 3 years for each of the following while I am —
   A. On active duty in the Armed Forces of the United States or serving as an officer in the Commissioned Corps the United States Public Health Service;
   B. Serving as a Peace Corps Volunteer;
   C. Serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (ACTION program (e.g., VISTA);
   D. Serving as a full-time [...] (c) (3) of the Internal [...] formed in the Peace C[...]
   E. Temporarily totally di[...] ployment because I a[...] lished by an affidavit [...]

3. For a period not exceedi[...] recognition required to [...]

4. For a single period no[...] employment in the Uni[...]

To be granted a deferme[n]t notify the lender as soon a[...]

Under certain circumstan[...] cordance with Section 90[...]

Questions concerning the [...] recruiting program and [...] Armed Forces.

---

AFFIX TO BACK OF PROMISSORY NOTE

Pay to the order of Higher Education Assistance Foundation ("HEAF") without recourse, provided, however, notwithstanding this indorsement without recourse, the undersigned hereby expressly:

1. Warrants that:
   a) no defense of any party is good against the undersigned; and
   b) the undersigned is not in default under the terms of that certain Lender Agreement for Guarantee of Student loans with Federal Reinsurance ("Lender Agreement") between it and HEAF, in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by HEAF.

2. Disclaims the implied warranty that it has no knowledge of any insolvency proceeding instituted with respect to the maker of this instrument and instead warrants that to the extent it has knowledge of any such proceeding it has disclosed the same to HEAF, but no other implied warranties are hereby disclaimed.

3. Acknowledges that:
   a) upon payment in full by HEAF of the claim submitted by the undersigned pursuant to the aforesaid Lender Agreement, HEAF will have discharged all of its obligations to the undersigned arising out of said Lender Agreement; and
   b) notwithstanding payment by HEAF of the undersigned's claim and acceptance by HEAF of transfer of this instrument in consideration thereof, HEAF has not waived any rights that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement.

SIGNATURE X  Jayne B. Robison
TITLE  Claim Supervisor
DATE  9/25/90

F0025 10-87

---

on under Section 50[...]
arable to service pe[...]

unable to secure em[...]
lly disabled, as estab[...]

e to gain professiona[...]

nable to find full-time [...]

y. I must subsequently [...]
xists.

etary of Defense, in ac-
[...], 10 U.S.C. 2141, note.)

program described is a [...]
le for enlistment in the [...]

---

I CERTIFY UNDER PENALTY OF PERJURY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE

_____   9·8·99
NAME                     DATE

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

00-6056

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1997, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

UNITED STATES of AMERICA

**DEFENDANTS**

OLSON K. PREDDIE

CIV-FERGUSON

MAGISTRATE JUDGE SNOW

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

Be Broward 0:00cv6056(wdf)(snow)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT BROWARD
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

MARY F. DOOLEY, AUSA    305-961-9377
99 NE 4TH ST, MIAMI FL  33132

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, **BROWARD**, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B[X] 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | ☐ 791 Empl Ret Inc Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | | A☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | A☐ 871 IRS Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U S CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

RECOVERY OF FUNDS EXPENDED BY PLAINTIFF AS GUARANTOR OF A DEFAULTED FEDERALLY INSURED STUDENT LOAN. 34 CFR 682.100(4)(d)

LENGTH OF TRIAL
via ____ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $ 10,327.21
plus interest & costs

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ YES  [X] NO

**VIII. RELATED CASE(S)** (See instructions):
IF ANY
JUDGE _____    DOCKET NUMBER _____

DATE  1/11/00

SIGNATURE OF ATTORNEY OF RECORD

MARY F. DOOLEY, AUSA

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____